# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUIPING ZHENG, | No. 4:17-CV-02087 |
| Petitioner. | (Judge Brann) |
| v. | |
| CLAIR DOLL, *et al.*, | |
| Respondents. | |

## ORDER

### FEBRUARY 28, 2018

Before the Court for disposition is a Report and Recommendation prepared by Magistrate Judge Joseph F. Saporito, Jr. on February 12, 2018.[1] In this Report, Magistrate Judge Saporito recommended that (1) this matter be referred to an Immigration Judge to afford Petitioner Guiping Zheng an individualized bail hearing within thirty (30) days; (2) at this hearing, the Immigration Judge shall make an individualized inquiry into whether detention is still necessary to fulfill the purposes of ensuring that Petitioner attends removal proceedings and does not pose a danger to the community; and (3) the parties should report to the District Court on the outcome of the individualized bail assessment no later than seven (7)

---

[1] ECF No. 8.

days after the Immigration Judge's hearing.² No objections to this Report have since been filed.

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."³ Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.⁴ Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."⁵ Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge.⁶

Following independent review of the record, I am satisfied that the Report and Recommendation contains no legal error, and to the extent that it seeks an individualized bond hearing before an immigration judge, the Petition for Writ of

---

2   *Id.*

3   28 U.S.C. § 636(b)(1)(B).

4   28 U.S.C. § 636(b)(1).

5   Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.,* 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)).

6   28 U.S.C. § 636(b)(1); Local Rule 72.31.

Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, should be granted, and this case closed.

**AND NOW**, therefore, **IT IS HEREBY ORDERED** that:

1. To the extent that it seeks an individualized bond hearing before an immigration judge, the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. By granting the Petition, this Court confirms the need for an individualized bond hearing but expresses no opinion as to the Petition's underlying substantive arguments regarding the propriety of detention. That determination is reserved to the sole discretion of the immigration judge. *See Quinteros v. Sabol*, No. 4:15-CV-02098, 2016 WL 6525295 (M.D. Pa. Nov. 3, 2016) (Brann, J.); *Ahad v. Lowe*, No. 1:16-CV-01864, 2017 WL 66829, at *2 n.1 (M.D. Pa. Jan. 6, 2017) (Kane, J.).

3. An individualized bond hearing shall be conducted by an immigration judge within thirty (30) days of the issuance of this Order;

4. At this hearing, the immigration judge shall make an individualized inquiry into whether detention remains necessary to fulfill the purposes of ensuring that the Petitioner attends removal proceedings and whether his release will pose a danger to the community, in accordance with

*Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 475 (3d Cir. 2015);

5. At the hearing, the Government shall bear the burden of presenting evidence and proving that continued detention is necessary to fulfill the statutory purposes of detention, in accordance with *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011);

6. The Report and Recommendation, ECF No. 8, submitted by United States Magistrate Judge Joseph F. Saporito, Jr., is **ADOPTED** to the extent consistent with this Order;

7. The Clerk of Court is directed to close this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge